# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CHERYL LIVINGSTON,       )
      )
      Plaintiff,       )
      )
      v.       )       No. 4:16CV362 JCH
      )
REHABCARE GROUP EAST, INC.,       )
MIDWEST GERIATRIC MANAGEMENT,
LLC, and MARY ANN REIFSCHNEIDER,
      )
      Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand, and Defendant Midwest Geriatric Management, LLC's ("MGM") Motion to Dismiss Plaintiff's Complaint. (ECF Nos. 18, 14). The motions are fully briefed and ready for disposition. For the reasons set forth below, the Motion to Dismiss shall be granted, and the Motion for Remand shall be denied.

## BACKGROUND

On or about January 20, 2016, Plaintiff Cheryl Livingston filed a Petition for Employment Discrimination in Violation of the Missouri Human Rights Act (hereinafter "Complaint" or "Compl.") against Defendants RehabCare Group East, Inc. ("RehabCare"), MGM and Mary Ann Reifschneider ("Reifschneider") in the Circuit Court of St. Louis County, Missouri. (ECF No. 5). In her Complaint Plaintiff, a 54-year-old female, alleged that at all relevant times she was a Licensed Physical Therapy Assistant with RehabCare.[1] (*Id.*, ¶¶ 3, 4). As part of her duties Plaintiff worked at various facilities located in or around St. Louis, including Bentwood Nursing Facility, an entity allegedly owned by MGM. (*Id.*, ¶¶ 16, 17).

---

[1] Plaintiff alleges she was hired by RehabCare in January of 2000. (Compl., ¶ 15).

According to Plaintiff, during the three years preceding the filing of her Complaint, she experienced severe loss circulation to her right foot. (Compl., ¶ 18). The condition ultimately required multiple surgeries, but before she could have a second operation Plaintiff suffered a heart attack on or about September 26, 2014. (*Id.*, ¶¶ 18-20). While she awaited permission to have the second surgery, Plaintiff's foot was placed first in a cast, and later in a walking boot, which required Plaintiff to utilize a walker and caused her to develop a distinctive limp. (*Id.*, ¶¶ 21-23). Plaintiff alleged that Department Head of Bentwood Nursing Sarah Woodward ridiculed her for her limp, reprimanded her for not walking closer to a patient, and instructed her not to use her walker. (*Id.*, ¶¶ 26-27).

Plaintiff maintained that she requested accommodations from Defendants while her mobility was limited, including that she not be assigned "home health[2]," that she be transferred to a closer facility, and that she receive assistance with heavyset patients or not be assigned such patients, but that Defendants refused all such requests. (Compl., ¶¶ 31-37). Plaintiff further alleged that RehabCare informed her she was required to work 30 hours per week in order to retain her benefits, and thus she was forced to work weekends. (*Id.*, ¶¶ 24-25).

Based on the foregoing allegations, Plaintiff asserted claims for disability discrimination, age discrimination, and retaliation against all Defendants. On March 17, 2016, RehabCare removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1). As grounds for the removal, RehabCare noted that at all relevant times Plaintiff was a citizen and resident of Missouri, RehabCare was a citizen of Kentucky and Delaware, and Reifschneider was a citizen and resident of Illinois. (*Id.*, ¶¶ 18-20). With respect to Defendant MGM, RehabCare maintained that although it was a Missouri corporation, its citizenship should be ignored because

---

2 According to Plaintiff, "home health" requires that the physical therapy assistant travel to patients' homes to care for them. (Compl., ¶ 32).

the allegations against it do not state a basis for recovery, and thus MGM's joinder was fraudulent and should not prevent removal. (*Id.*, ¶¶ 21-35).

As noted above, MGM filed a Motion to Dismiss on April 5, 2016, asserting Plaintiff's claims against it must be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 14). In addition to responding to MGM's motion, Plaintiff filed her Motion for Remand on April 21, 2016. (ECF No. 18).

## DISCUSSION

Generally, a defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions where the matter is between citizens of different states, and the amount in controversy is greater than $75,000.[3] 28 U.S.C. § 1332(a)(1). Such cases thus may be removed, provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Byrd v. TVI, Inc*., 2015 WL 5568454, at *1 (E.D. Mo. Sept. 21, 2015) (citation omitted); *see also In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

In the instant case, as noted above both Plaintiff and Defendant MGM are citizens of the State of Missouri. Complete diversity of citizenship therefore does not exist, and removal is precluded unless Defendant MGM was fraudulently joined. *See Knudson v. Systems Painters, Inc*., 634 F.3d 968, 976 (8th Cir. 2011) (internal quotation marks and citations omitted) ("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.") "The purpose of this [fraudulent joinder]

_____

3 Plaintiff does not dispute that the amount in controversy here is greater than $75,000.

exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (citation omitted).

Joinder of a defendant is fraudulent where there exists no reasonable basis in law or fact to support the claim asserted against it. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). "This reasonableness standard requires the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Waller v. Blast Fitness Group, LLC*, 2015 WL 7737298, at *3 (E.D. Mo. Dec. 1, 2015) (internal quotation marks and citations omitted). The question turns on whether the plaintiff might have a "colorable" claim against the non-diverse or resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010), *cert. denied*, 132 S.Ct. 94 (2011). If not, the joinder is fraudulent and dismissal of the defendant is proper. *See Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citation omitted) ("[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). At all times Defendant RehabCare, as the removing party alleging fraudulent joinder, bears the burden of proving the alleged fraud. *Waller*, 2015 WL 7737298, at *3.

Applying the foregoing standards to the instant case, the Court finds that for Plaintiff to survive Defendants' fraudulent joinder challenge, there must be "a reasonable basis for believing Missouri might impose liability against" Defendant MGM for disability discrimination, age discrimination, and/or retaliation. *See Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). All of Plaintiff's claims are brought under the Missouri Human Rights Act ("MHRA"), which provides in relevant part as follows:

1. It shall be an unlawful employment practice:

(1) For an employer, because of the….age or disability of any individual:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's….age or disability…

It shall be an unlawful discriminatory practice:….

    (2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter.

*See* Mo.Rev.Stat. §§ 213.055, 213.070. Under the MHRA, an "employer" is defined as "…any person employing six or more persons within the state, and any person directly acting in the interest of an employer…" Mo.Rev.Stat. § 213.010(7). Although the term "employee" is not expressly defined by the MHRA, Missouri courts have signaled an intention to utilize a definition similar to those used in analogous federal statues, such as the ADA and ADEA, which both define "employee" as "an individual employed by an employer…" *See* 42 U.S.C. § 12111(4); 29 U.S.C. § 630(f); *see also Sloan v. Bankers Life & Cas. Co.,* 1 S.W.3d 555, 562 (Mo. App. 1999). The MHRA thus applies only to employer-employee relationships, and so the Court must determine whether Plaintiff had an employer-employee relationship with MGM. *Sloan*, 1 S.W.3d at 562; *see also Sowers v. Gatehouse Media Missouri Holdings, Inc.*, 2010 WL 1633389, at *12 (E.D. Mo. Apr. 22, 2010) (citations omitted) ("Only an 'employer' may be liable under the ADEA or MHRA.").

Upon consideration, the Court finds that Plaintiff's own submissions defeat her claim for employment discrimination on Defendant MGM's part. Specifically, the Court notes that in her Complaint Plaintiff asserts she was hired by RehabCare, and assigned to work at a nursing facility owned by MGM. (Compl., ¶¶ 15-17). While Plaintiff argues in her Motion to Remand that MGM qualifies as *an* employer under the MHRA, she does not plead or assert that MGM

was *her* employer.  Instead, Plaintiff attempts to rely on a purported relationship between MGM and RehabCare, apparently in the nature of a joint venture, but she offers no evidence to support the existence of such an affiliation.  Under these circumstances, there exists no reasonable basis in law or fact for Plaintiff's claims of employment discrimination against MGM, and thus RehabCare and MGM have met their burden of showing MGM was fraudulently joined.  *See Coleman v. Carnahan*, 312 S.W.3d 377, 380 (Mo. App. 2010) (dismissing the plaintiff's claims under Mo.Rev.Stat. § 213.070 because he failed to "allege any potential or actual employer/employee relationship between the parties").  MGM's Motion to Dismiss will therefore be granted, and Plaintiff's Motion for Remand will be denied.[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant MGM's Motion to Dismiss Plaintiff's Complaint (ECF No. 14) is **GRANTED**, and MGM is **DISMISSED** as a Defendant to this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (ECF No. 18) is **DENIED**.

Dated this    15th    Day of June, 2016.


\s\    Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

4 Plaintiff remains free to file a motion to amend her complaint, with a copy of the proposed amended complaint attached.  If the Court grants leave to file the amended complaint, Plaintiff then may renew her motion for remand if she believes the circumstances so warrant.